### DAVID GIBSON & CO. v. THE OHIO FARINA CO.

#### (No. 10,169.)

1. It is not good practice to demur to a pleading, and at the same time to move to make the same more definite.
2. When the suit is on an account which is attached as an exhibit to the petition, and the exhibit is perhaps imperfect in the description of the goods or merchandise sold, the moneys paid, or the duty performed, the remedy is to demand a bill of particulars, under sec. 361 of the code.
3. In an action brought by the members of one firm against the members of another firm it is not a sufficient defense that G. is a member of both firms.   However strict the rule in law, it does not exist in equity, for there need be no decree against G., nor yet against the other defendants for his share of the debts.   The right of plaintiffs to recover can be determined without awaiting an examination and settlement of the partnership affairs of the defendants.

SPECIAL TERM.—On demurrer and motion to make the petition more definite.

David Gibson, Henry Grotenkemper, Joseph W. Cheeseman and William C. Vanderbilt, partners, under the style of David Gibson & Co., brought their action against David Gibson, David E. Roberts, Francis Avery, and George W. Neff, partners under the style of The Ohio Farina Company, to recover on an account, for advances, goods, and merchandise, etc., a copy whereof was attached as an exhibit, showing a balance of $17,340.93. An amended petition was subsequently filed, alleging that Gibson was a member of both firms, and that he had paid his full share of *all* the debts and liabilities, and of the capital stock of the Ohio Farina Company; that the firm was solvent, and after the payment of all the partnership debts, would have a large surplus for distribution among the individual members of the firm, whenever the partnership should be finally adjusted. Avery and Neff filed their separate demurrer to the amended petition, and also a motion to require the plaintiffs to set forth, in the account sued on, all the items and particulars thereof.

*Abram Brower*, for plaintiffs.

*Stallo & McCook* and *W. F. Straub*, for defendants.

STORER, J.   The plaintiffs are a firm transacting mercantile business in Cincinnati, who claim to recover of the defendants, a co-partnership by the name of the Ohio Farina Company, for advances made from time to time. One of the defendants is also one of the plaintiffs, having an interest in both firms.

The original petition has been amended, and it is alleged that Gibson, who is the partner alluded to, has already paid his full share of the co-partnership debt, and ought not, in this action, to be decreed to discharge any portion of the plaintiffs' demand. A judgment is therefore sought against the other defendants.

A motion is filed to require the cause of action to be

stated more definitely in the account attached to the petition. The defendants have also demurred, on the ground that the facts set forth in the petition do not constitute a right to sue.

It is not, as a general rule, good practice, and counsel ought not to be allowed to present at the same time, in the mode pursued in the case before us, the objections raised by their pleadings.

The object of such a motion is, very clearly, intended by the code to perfect the petition or answer, by striking out irrelevant matter, or supplying by amendment any legal defect in the statements or allegations of the parties; to present a single issue under each cause of action so clearly and explicitly that there can be no mistake as to what the pleader really intends, thus giving to the court an unambiguous and methodical narrative of the facts upon which the claim to recover, or the right to defend, is founded, which will notify the adverse party what he may expect will be proved. But certainty, to a reasonable extent, is all that can be demanded; mere technical omissions should be overlooked, and the phraseology of the pleader not only be regarded with much allowance for the haste in which allegations are described, the unskillfulness in the selection of terms, but more than all, as a matter of necessity, with much legal charity, where grave questions are too often hastily examined and briefly argued.

We have invariably held, when the statement in the petition and the account exhibited as a part of it, under the 122d section of the code, by fair implication, will present the material allegations to be established on trial, we will not be critical in reducing the pleadings to a better logical form; and where the exhibit is, perhaps, imperfect in the description of the goods or merchandise sold, the moneys paid, or the duty performed, we will leave the party complaining to his remedy under the 361st section of the code, which provides so effectually for every supposable defect, by compelling the pleader to furnish a true and accurate copy of all the claims he intends to assert on trial.

The case before us is within the last rule.   If the exhibit is not satisfactory to the defendants, they may readily require it to be made so by the appropriate demand for a bill of particulars.

Motion overruled.

The demurrer has been argued on the ground that this action is an anomaly, as both plaintiffs and defendants, in one respect, are the same.   This, we are aware, is the rule at law, where one person is not permitted to sustain the twofold character of the plaintiff and defendant, to assume a right or redress a wrong arising either from the contract or act, or misconduct, of those with whom he is jointly concerned or jointly interested.   It is very clear, in such a case, no one partner should be permitted to become the judgment creditor of the other members until the business of the firm is closed up, and the relative rights of all concerned settled, either by mutual consent or decree in equity; and the principle stated is extended to every case, not merely between the partners themselves, but between one firm and another, in each of which one and the same person may be a partner. Story on Part. 344;  6 Taunton, 605, *Bosanquet* v. *Wray;* 1 Story, Eq. Jur. 679–80.

However strict has been the rule at law, it does not exist in equity.   It is authoritatively settled the remedy in this form is adequate to subserve all the purposes of justice between the parties.   The petition, with its amendments, in the case before us, will permit us to decide upon all the questions properly arising in the case, as there is no distinction by our law between legal and equitable remedies.   When the case is once presented, we may adjudicate upon the relative rights of all the parties, whether they require our legal or equitable interference.

It is alleged the defendants owe the debt claimed to be due, and the position of Gibson in both firms is stated.   There need be no decree against him personally, nor yet against the other defendants for any portion of the debt he may be bound to discharge.   A deduction from the aggregate

amount, agreeable to the proportion charged upon him, may be made if necessary, and judgment rendered for the balance, and this may be done without prejudice to the rights of the parties defendant among themselves. There need be no account taken between the parties, nor their general partnership affairs examined, before the right of the plaintiffs to recover is determined. If their debt is just it should be liquidated and paid, and, in a subsequent proceeding, the parties defendant can settle, *inter se*, their relative liabilities, as well as adjust their private interests.

Demurrer overruled.